**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TENNESSEE**

LISA SHAHAN as Wrongful Death Representative of Ramon McGhee,

PLAINTIFF,

v.

No. 2:25-cv-02006-MSN-cgc

SHELBY COUNTY, TENNESSEE, a Tennessee municipality; WELLPATH, LLC, a Delaware Limited Liability Company; DR. OSCAR WEBB; DR. PASCHAL IKE; DR. PAMELA WASHINGTON; ANDREA JONES; DESTINY HADLEY; GENISE WATSON: RUBY BRIGHT; CHRISHALA YATES; and JESSICA CLEAVES;

DEFENDANTS.

**ANSWER BY DEFENDANT SHELBY COUNTY, TENNESSEE**

The Defendant, Shelby County, Tennessee ("Shelby County") files this Answer to the Complaint filed by Lisa Shahan ("Plaintiff"), as Wrongful Death Representative of Ramon McGhee ("Decedent") and states as follows:

1. Shelby County admits that suit is brought under the applicable law cited in Paragraph 1 of the Plaintiff's Complaint. The remaining allegations set forth in Paragraph 1 of the Plaintiff's Complaint set forth legal conclusions to which no answer is required.

2. With regard to the first sentence of Paragraph 2 of Plaintiff's Complaint, Shelby County admits that jurisdiction is proper. With regard to the second sentence of Paragraph 2, there does not appear to be any state law claims specifically enumerated in Plaintiff's Complaint and, therefore, Shelby County denies that this Court has supplemental jurisdiction over state law claims.

3. Shelby County admits that venue is proper in this Court in response to the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Shelby County admits the allegations in Paragraph 4 of Plaintiff's Complaint upon information and belief.

5. Shelby County admits it is a duly organized and functioning governmental entity and municipality in the State of Tennessee and that Shelby County operates the jail located at 201 Poplar Avenue, Memphis, Tennessee 38103.

6. Paragraph 6 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 6 are directed towards this Defendant, they are denied.

7. Paragraph 7 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 7 are directed towards this Defendant, they are denied.

8. Paragraph 8 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 8 are directed towards this Defendant, they are denied.

9. Paragraph 9 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 9 are directed towards this Defendant, they are denied.

10. Paragraph 10 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 10 are directed towards this Defendant, they are denied.

11. Paragraph 11 of Plaintiff's Complaint does not set forth any allegations as to Shelby

County. To the extent the allegations in Paragraph 11 are directed towards this Defendant, they are denied.

12. Paragraph 12 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 12 are directed towards this Defendant, they are denied.

13. Paragraph 13 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 13 are directed towards this Defendant, they are denied.

14. Paragraph 14 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 14 are directed towards this Defendant, they are denied.

15. Paragraph 15 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 15 are directed towards this Defendant, they are denied.

16. Paragraph 16 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 16 are directed towards this Defendant, they are denied.

17. Paragraph 17 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 17 are directed towards this Defendant, they are denied.

18. Paragraph 18 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 18 are directed towards this Defendant, they are denied.

19. Paragraph 19 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 19 are directed towards this Defendant, they are denied.

20. Paragraph 20 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 20 are directed towards this Defendant, they are denied.

21. Paragraph 21 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 21 are directed towards this Defendant, they are denied.

22. Paragraph 22 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 22 are directed towards this Defendant, they are denied.

23. Paragraph 23 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 23 are directed towards this Defendant, they are denied.

24. Paragraph 24 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 24 are directed towards this Defendant, they are denied.

25. Paragraph 25 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 25 are directed towards this Defendant, they are denied.

26. Paragraph 26 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 26 are directed towards this Defendant, they

are denied.

27. Paragraph 27 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 27 are directed towards this Defendant, they are denied.

28. Paragraph 28 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 28 are directed towards this Defendant, they are denied.

29. Paragraph 29 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 29 are directed towards this Defendant, they are denied.

30. Paragraph 30 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 30 are directed towards this Defendant, they are denied.

31. Paragraph 31 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 31 are directed towards this Defendant, they are denied.

32. Shelby County admits that this court has personal jurisdiction over it. The remaining allegations set forth in Paragraph 32 of Plaintiff's Complaint are not directed towards Shelby County, but to the extent they are, they are denied.

33. Shelby County admits the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. Shelby County admits the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. Shelby County admits the allegations in Paragraph 35 of Plaintiff's Complaint upon information and belief.

36. Regarding the first sentence of Paragraph 26, Shelby County states that the referenced letter speaks for itself. Defendant is without sufficient knowledge to respond to the second sentence of Paragraph 36.

37. Shelby County admits the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Shelby County denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39. Paragraph 39 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 39 are directed towards this Defendant, they are denied.

40. Paragraph 40 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 40 are directed towards this Defendant, they are denied.

41. Paragraph 41 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 41 are directed towards this Defendant, they are denied.

42. Shelby County admits the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43. Shelby County denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44. Shelby County admits that Decedent transferred from MTMHI to the Jail on April 19, 2023. Shelby County admits the allegations set forth in the second sentence of Paragraph 44

of Plaintiff's Complaint.

45. Paragraph 45 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 45 are directed towards this Defendant, they are denied.

46. Paragraph 46 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 46 are directed towards this Defendant, they are denied.

47. Paragraph 47 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 47 are directed towards this Defendant, they are denied.

48. Paragraph 48 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 48 are directed towards this Defendant, they are denied.

49. Paragraph 49 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 49 are directed towards this Defendant, they are denied.

50. Paragraph 50 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 50 of Plaintiff's Complaint are directed towards this Defendant, they are denied.

51. Paragraph 51 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 51 are directed towards this Defendant, they are denied.

52. Paragraph 52 of Plaintiff's Complaint does not set forth any allegations as to Shelby

County. To the extent the allegations in Paragraph 52 are directed towards this Defendant, they are denied.

53. The allegations in the first three sentences and the last sentence of Paragraph 53 of Plaintiff's Complaint do not set forth any allegations as to Shelby County. To the extent the allegations in the first three sentences and the last sentence of Paragraph 53 of Plaintiff's Complaint are directed towards this Defendant, they are denied. Shelby County denies the remaining allegations as written.

54. Paragraph 54 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 54 are directed towards this Defendant, they are denied.

55. Defendant has insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 55, and therefore neither admits nor denies these allegations, and demands strict proof of them at trial.

56. Paragraph 56 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 56 are directed towards this Defendant, they are denied.

57. Paragraph 57 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 57 are directed towards this Defendant, they are denied.

58. Paragraph 58 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 58 are directed towards this Defendant, they are denied.

59. Paragraph 59 of Plaintiff's Complaint does not set forth any allegations as to Shelby

County. To the extent the allegations in Paragraph 59 are directed towards this Defendant, they are denied.

60. Paragraph 60 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 60 are directed towards this Defendant, they are denied.

61. Paragraph 61 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 61 are directed towards this Defendant, they are denied.

62. Paragraph 62 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 62 are directed towards this Defendant, they are denied.

63. Paragraph 63 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 63 are directed towards this Defendant, they are denied.

64. It is admitted that at 05:18 am on January 10, 2024, Decedent was found unresponsive in his cell and that CPR was started and continued until EMS arrived. It is admitted that at approximately 05:58 am, Decedent's pulse returned.

65. Shelby County denies the allegations set forth in Paragraph 65 of Plaintiff's Complaint.

66. Shelby County denies the allegations as written in Paragraph 66 of Plaintiff's Complaint.

67. Admitted that Paragraph 67 quotes portions of the private Nebraska Institute of Forensic Sciences autopsy report attached to Plaintiff's Complaint. Shelby County denies that

these statements are contained in decedent's official autopsy report.

68. Admitted that Paragraph 68 quotes portions of the private Nebraska Institute of Forensic Sciences autopsy report attached to Plaintiff's Complaint. Shelby County denies that these statements are contained in decedent's official autopsy report.

69. Paragraph 69 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 69 are directed towards this Defendant, they are denied.

70. Paragraph 70 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 70 are directed towards this Defendant, they are denied.

71. Paragraph 71 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 71 are directed towards this Defendant, they are denied.

72. Paragraph 72 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 72 are directed towards this Defendant, they are denied.

73. Shelby County denies the allegations in Paragraph 73 of Plaintiff's Complaint.

74. Shelby County denies the allegations in Paragraph 74 of Plaintiff's Complaint.

75. Shelby County denies the allegations in Paragraph 75 of Plaintiff's Complaint.

76. Shelby County denies the allegations in Paragraph 76 of Plaintiff's Complaint.

77. Shelby County denies the allegations in Paragraph 77 of Plaintiff's Complaint.

78. Shelby County denies the allegations in Paragraph 78 of Plaintiff's Complaint.

79. Shelby County states that Tenn. Code Ann. § 8-8-221(a) speaks for itself.

80. Shelby County states that Tenn. Code Ann. § 8-8-221(a) speaks for itself. Additionally, the allegations set forth in Paragraph 80 of Plaintiff's Complaint set forth legal conclusions to which no answer is required.

81. Shelby County denies the allegations in Paragraph 81 of Plaintiff's Complaint.

82. Shelby County denies the allegations in Paragraph 82 of Plaintiff's Complaint.

83. Shelby County denies the allegations in Paragraph 83 of Plaintiff's Complaint.

84. Shelby County denies the allegations in Paragraph 84 of Plaintiff's Complaint.

85. Shelby County denies the allegations as written in Paragraph 85 of Plaintiff's Complaint.

86. Shelby County denies the allegations in Paragraph 86 of Plaintiff's Complaint.

87. Shelby County denies the allegations in Paragraph 87 of Plaintiff's Complaint.

88. Shelby County denies the allegations in Paragraph 88 of Plaintiff's Complaint.

89. Shelby County admits that "Odyssey" software is used at the Jail.

90. Shelby County admits the allegations in Paragraph 90 of Plaintiff's Complaint.

91. Shelby County admits the allegations in the first, second, and fourth sentences of Paragraph 91 of Plaintiff's Complaint. The remaining allegations are denied.

92. Shelby County admits the allegations in Paragraph 92 of Plaintiff's Complaint.

93. Shelby County states that the thousands of pages of discovery produced in *Turnage et al. v. Oldham et al.*, 2:16-cv-02907-SHM-tmp (W.D. Tenn. 2016) speaks for itself.

94. Shelby County denies the allegations in Paragraph 94 of Plaintiff's Complaint as written.

95. Shelby County denies the allegations in Paragraph 95 of Plaintiff's Complaint.

96. Shelby County denies the allegations in Paragraph 96 of Plaintiff's Complaint as

written.

97. Shelby County denies the allegations in Paragraph 97 of Plaintiff's Complaint as written.

98. The allegations set forth in Paragraph 98 of Plaintiff's Complaint set forth legal conclusions to which no answer is required.

99. Shelby County denies the allegations in Paragraph 99 of Plaintiff's Complaint.

100. Shelby County denies the allegations in Paragraph 100 of Plaintiff's Complaint.

101. The allegations set forth in Paragraph 101 of Plaintiff's Complaint set forth legal conclusions to which no answer is required.

102. The allegations set forth in Paragraph 102 of Plaintiff's Complaint set forth legal conclusions to which no answer is required.

103. Shelby County denies the allegations in Paragraph 103 of Plaintiff's Complaint.

104. Shelby County denies the allegations in Paragraph 104 of Plaintiff's Complaint.

105. Shelby County denies the allegations in Paragraph 105 of Plaintiff's Complaint.

106. Shelby County denies the allegations in Paragraph 106 of Plaintiff's Complaint as written.

107. The allegations set forth in Paragraph 107 of Plaintiff's Complaint set forth legal conclusions to which no answer is required. To the extent that a response is required, Shelby County denies the allegations in Paragraph 107 of the Complaint.

108. Shelby County denies the allegations in Paragraph 108 of the Complaint.

109. Shelby County denies the allegations in Paragraph 109 of the Complaint.

110. Shelby County admits that Decedent passed away on January 12, 2024 and that death is "permanent and irreversible."

111. Shelby County incorporates all responses and defenses set forth in the preceding paragraphs as if fully stated herein.

112. Shelby County denies the allegations set forth in Paragraph 112 of Plaintiff's Complaint.

113. Shelby County denies the allegations set forth in Paragraph 113 of Plaintiff's Complaint.

114. Shelby County denies the allegations set forth in Paragraph 114 of Plaintiff's Complaint.

115. Shelby County incorporates all responses and defenses set forth in the preceding paragraphs as if fully stated herein.

116. Paragraph 116 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 116 are directed towards this Defendant, they are denied.

117. Paragraph 117 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 117 are directed towards this Defendant, they are denied.

118. Paragraph 118 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 118 are directed towards this Defendant, they are denied.

119. Paragraph 119 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 119 are directed towards this Defendant, they are denied.

120. Paragraph 120 of Plaintiff's Complaint does not set forth any allegations as to

Shelby County. To the extent the allegations in Paragraph 120 are directed towards this Defendant, they are denied.

121. Shelby County incorporates all responses and defenses set forth in the preceding paragraphs as if fully stated herein.

122. Paragraph 122 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 122 are directed towards this Defendant, they are denied.

123. Paragraph 123 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 123 are directed towards this Defendant, they are denied.

124. Paragraph 124 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 124 are directed towards this Defendant, they are denied.

125. Paragraph 125 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 125 are directed towards this Defendant, they are denied.

126. Paragraph 126 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 126 are directed towards this Defendant, they are denied.

127. Paragraph 127 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 127 are directed towards this Defendant, they are denied.

128. Paragraph 128 of Plaintiff's Complaint does not set forth any allegations as to

Shelby County. To the extent the allegations in Paragraph 128 are directed towards this Defendant, they are denied.

129. Paragraph 129 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 129 are directed towards this Defendant, they are denied.

130. Paragraph 130 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 130 are directed towards this Defendant, they are denied.

131. Paragraph 131 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 131 are directed towards this Defendant, they are denied.

132. Paragraph 132 of Plaintiff's Complaint does not set forth any allegations as to Shelby County. To the extent the allegations in Paragraph 132 are directed towards this Defendant, they are denied.

## PRAYER FOR RELIEF

Shelby County asserts that the Plaintiff is not entitled to any relief in the paragraph that begins "WHEREFORE," including all subparts.

## FIRST DEFENSE

All of the actions (if any) of the individual defendants employed by Shelby County with respect to Plaintiff were taken in good faith, were taken within the course and scope of their employment, were based on probably and reasonable cause, were those of an objectively reasonable officer, were in accordance with the statutes and the common law of the United States of America and the State of Tennessee, and were in accordance with the Constitutions of the United

States of America and the State of Tennessee. All individual defendants employed by Shelby County are therefore entitled to qualified immunity under both federal and state law as to all claims alleged by Plaintiff.

## SECOND DEFENSE

Plaintiff fails to state a claim against the Defendant, Shelby County, and Shelby County Government is entitled to sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution, Article I, Section 17 of the Constitution of the State of Tennessee and/or Tennessee Code Annotated § 20-13-102.

## THIRD DEFENSE

To the extent the Court determines that this cause is governed by the provisions of the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §§ 29-20-101, et seq. ("GTLA"), then the Defendant, Shelby County, asserts any and all defenses, immunities, and limitations provided by the GTLA. Specifically, and without limitation, this Defendant asserts that to the extent Plaintiff alleges any causes of action against Shelby County other than the civil rights claims pursuant to 42 U.S.C. §1983, immunity for those claims is not removed under the GTLA.

## FOURTH DEFENSE

To the extent that Decedent's alleged injuries were caused or contributed to by his own unlawful conduct, recovery for such alleged injuries is barred.

## FIFTH DEFENSE

Shelby County specifically avers the injuries and damages alleged to have been incurred by Plaintiff resulted from the underlying medical and physical problems from which Decedent suffered, which were unrelated to any actions taken or not taken by Shelby County.

SIXTH DEFENSE

To the extent that Plaintiff is alleging negligence, Shelby County asserts the doctrine of Comparative Fault. Fault, if any, must be apportioned between or among Plaintiff and any other person or entity, whether or not a party to this action, to the extent that fault, if any, of such person or entity proximately caused or contributed to Plaintiff's alleged injuries.

SEVENTH DEFENSE

In order to preserve its affirmative defenses and pending the completion of discovery, Shelby County alleges Plaintiff's claims are barred, in whole or in part, by operation of the doctrines of waiver, unclean hands, laches, equitable estoppel, or mistake.

EIGHTH DEFENSE

In order to preserve its defenses and pending the completion of discovery, the Defendant, Shelby County, alleges that Plaintiff's Decedent's injuries and damages, if any, resulted from independent, intervening and/or superseding causes, an unrelated event, and/or a pre-existing condition, including a pre-existing medical condition.

NINTH DEFENSE

Plaintiff's medical providers were not employees nor agents of Shelby County, so Shelby County can have no liability for their alleged actions or inactions.

TENTH DEFENSE

To the extent that Plaintiff is alleging negligence, the Defendant, Shelby County and its employees are not guilty of any act or omission that directly or proximately caused or contributed to Plaintiff's Decedent's alleged injuries.

ELEVENTH DEFENSE

In order to preserve its defenses and pending the completion of discovery, the Defendant, Shelby County, alleges that Plaintiff's Decedent's claims for injuries and damages, are barred by the statute of limitation.

TWELFTH DEFENSE

The Defendant, Shelby County, reserves the right to assert additional affirmative defenses that may be discovered during the course of discovery.

WHEREFORE, the Defendant Shelby County prays that this Court will dismiss Plaintiff's Complaint, with prejudice and at Plaintiff's costs, and for all other general and equitable relief as this Court deems proper and just.

Respectfully submitted,

*/s/Julia Marie Hale*

R. H. "Chip" Chockley (#20680)
chip.chockley@shelbycountytn.gov
Julia Marie Hale (#37204)
julia.hale@shelbycountytn.gov
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN 38103
(901) 222-2100

*Attorneys for Defendant Shelby County*

**CERTIFICATE OF SERVICE**

I certify that the foregoing is being filed via the Court's ECF system this 25th day of February, 2025, for service on following persons registered in connection with this case.

/s/ *Julia Marie Hale*
Julia Marie Hale