## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

**LISA SHAHAN, as Wrongful Death Representative of Ramon McGhee,**

    **Plaintiff,**

**v.**

**SHELBY COUNTY, TENNESSEE,**
**a Tennessee municipality, et al.**

    **Defendant.**

**Case No.: 2:25-cv-2006-MSN**

**JURY DEMAND**

### WELLPATH LLC'S MOTION TO QUASH

**COMES NOW**, Defendant Wellpath, LLC., (hereinafter "Wellpath") by and through counsel of record, and moves to quash or, in the alternative, stay Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Requests for Admission. In support of this Motion, Wellpath states as follows:

### I. BACKGROUND

1. Plaintiff commenced this action on January 4, 2025 asserting claims under 42 U.S.C. § 1983 and related federal and state law theories against multiple defendants, including Wellpath LLC.

2. At the time the suit was filed, Wellpath was subject to proceedings under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. Wellpath has since been discharged from bankruptcy and the claims asserted against it are subject to dismissal pursuant to the discharge injunction and the confirmed Plan of Reorganization.

1

3. On August 21, 2025, Wellpath filed a Motion to Dismiss with its Answer on the grounds that it is no longer a real party in interest and that Plaintiff's claims are barred by the bankruptcy discharge. That Motion remains pending before the Court.

4. Wellpath has filed a Supplemental Motion to Dismiss concurrently.

5. Despite Wellpath's pending Motion to Dismiss and its discharged status, Plaintiff propounded written discovery on October 21, 2025 to Wellpath, including Interrogatories, Requests for Production and Requests for Admission.

## II. ARGUMENT

**a. Discovery is premature given Wellpath's pending Motion to Dismiss.**

Under Fed. R. Civ. P. 26(b)(1), discovery may only proceed against a proper party to the action and must be proportional to the needs of the case. Furthermore, limitations on pre-trial discovery are particularly appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery. *Muzquiz v. W.A. Foote Memorial Hospital, Inc.*, 70 F.3d 422, 430 (6th Cir. 1995).

Here, Wellpath's pending Motion to Dismiss asserts that it has been discharged in bankruptcy and is no longer the real party in interest. Requiring discovery responses from an entity that is no longer subject to suit would serve no purpose and impose unnecessary cost and burden contrary to Rule 26(b)(1) and Rule 26(c)(1)(A). Accordingly, this Court should exercise its discretion and quash or stay Plaintiff's October 21, 2025 discovery requests until Wellpath's Motion to Dismiss is considered.

**b. The automatic stay and discharge protect Wellpath from post-discharge discovery obligations.**

Pursuant to 11 U.S.C. § 524(a)(2), a discharge "operates as an injunction against the continuation of actions or proceedings to collect or recover a discharged debt. Discovery directed at Wellpath, LLC concerning claims arising before confirmation constitutes a continuation of a pre-petition action and

2

violates the discharge injunction absent bankruptcy court authorization. Once the discharge has been entered, collection efforts, including any continuation of litigation or discovery aimed at establishing or enforcing a discharged obligation are barred. *See Ragone v. Stefanik & Christie, LLC (In re Ragone)*, 2021 Bankr. LEXIS 1298 (B.A.P. 6th Cir. May 13, 2021) (sanctioning creditor and counsel for continuing garnishment post-discharge) and *Orlandi v. Leavitt Family Ltd. P'ship (In re Orlandi)*, 612 B.R. 372 (B.A.P. 6th Cir. February 28, 2020) (affirming contempt sanctions for actions taken after discharge).

Here, Plaintiff's discovery requests served on October 21, 2025 seek extensive information about Wellpath's pre-petition conduct, policies, contract and employees in connection with events alleged to have occurred before confirmation of Wellpath's bankruptcy plan. Compelling Wellpath, a discharged debtor, to respond to those requests would constitute a continuation of a proceeding to determine or enforce liability for discharged claims, which is precisely what § 524(a)(2) forbids.

As Wellpath's pending Motion to Dismiss raises the threshold issue of whether it remains a proper defendant post-discharge, this Court should quash or stay all discovery directed at Wellpath until the issue is resolved.

### III.     RELIEF REQUESTED

For the foregoing reasons, Wellpath respectfully requests that this Court:

1. Quash Plaintiff's discovery requests served October 21, 2025 as to Defendant Wellpath, LLC;
2. In the alternative, stay all discovery directed to Wellpath pending resolution of its Motion to Dismiss; and
3. Grant further relief as the Court deems just and proper.

Respectfully submitted,

Segal McCambridge Singer & Mahoney

*/s/ Courtney C. McLaren*

Nelson T. Rainey (TN #35470)
Courtney C. McLaren (TN #29106)
6000 Poplar Ave., Suite 250
Memphis, TN 38119
T:    (901) 415-1135
nrainey@smsm.com
cmclaren@smsm.com

***Attorneys for Defendants, Wellpath, LLC; Oscar Webb, MD.; Paschal Ike, MD; Pamela Washington, DNP; Andrea Jones; Destiny Hadley; Genise Watson; Ruby Bright; Chrishala Yates; and Jessica Cleaves***

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing document was served, via electronic mail and the Court's ECF system, on this the 18th day of November 2025, upon the following:

| | |
|---|---|
| Craig Edgington<br>Brice Timmons<br>Watson Burns, PLLC<br>5865 Ridgeway Center Parkway, Suite 300<br>Memphis, TN 38120<br>cedgington@watsonburns.com<br><br>*Attorney for Plaintiff* | R. H. "Chip" Chockley (#20680)<br>chip.chockley@shelbycountytn.gov<br>Julia Marie Hale (#37204)<br>julia.hale@shelbycountytn.gov<br>Shelby County Attorney's Office<br>160 North Main Street, Suite 950<br>Memphis, TN 38103<br>(901) 222-2100<br><br>*Attorneys for Defendant Shelby County* |

*/s/ Courtney C. McLaren*

4