IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

**LISA SHAHAN, as Wrongful Death Representative of Ramon McGhee,**

    **Plaintiff,**

v.

**SHELBY COUNTY, TENNESSEE, a Tennessee municipality, et al.**

    **Defendant.**

Case No.: 2:25-cv-2006-MSN

**JURY DEMAND**

---

### WELLPATH LLC'S SUPPLEMENTAL MOTION TO DISMISS

---

**COMES NOW**, Defendant Wellpath, LLC., (hereinafter "Wellpath") by and through counsel of record, and moves for entry of an Order dismissing with prejudice all claims against Wellpath in this case based on the discharge of claims pursuant to a plan of reorganization confirmed by the United States Bankruptcy Court for the Southern District of Texas, Houston, TX. In support of this Motion to Dismiss, Wellpath states as follows:

1. On November 11, 2024 (the "Petition Date"), the Debtors, who include Wellpath Holdings, Inc., and its affiliated companies, including presently-named Defendant, Wellpath, LLC, each filed petitions in the Bankruptcy Court under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Cases"). The Bankruptcy Cases were jointly administered under case number 24-90533.

2. On January 4, 2025, Plaintiff Lisa Shahan (hereinafter "Plaintiff") commenced this action by filing a Complaint under 42 U.S.C. § 1983 asserting constitutional and related claims against Wellpath, LLC and others arising from the incarceration and subsequent death of Ramon McGhee at the Shelby County Jail in January 2024.

1

3. The Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* [Case No. 24-90533, ECF No. 2596] entered by the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") (the "Confirmation Order"), attached hereto as Exhibit A on May 1, 2025 and the *General Form of Order Regarding Lift Stay Motions* [Case No. 24-90533, ECF No. 2907] (the "Stay Order")[1], attached hereto as Exhibit B, on June 4, 2025.

4. Pursuant to the Plan, all Claims and Causes of Action against Wellpath Holdings, Inc. and its affiliated debtors (the "Debtors")[2] are discharged and holders of such Claims and Causes of Action are permanently enjoined from, among other things, commencing or continuing any proceeding of any kind, including the instant proceeding, in connection with such claims, or enforcing recovery from the Debtors, the Debtors' estates, or the Post-Restructuring Debtors. *See* 11 U.S.C. § 524 (a) ("A discharge in a case under this title … (2) operates as an injunction against the commencement or continuation of an action, the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confirmation Order, Stay Order, or the *First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates (with Technical Modifications)* (as modified, amended, or supplemented from time to time, the "Plan"), a copy of with is attached as Exhibit A to the Confirmation Order. The rules of interpretation set forth in Article I.B of the Plan shall apply hereto. For the avoidance of doubt, unless otherwise specified, all references herein to "Articles" refer to articles of the Plan.

[2] "Debtors" include Wellpath Holdings, Inc.; Physicians Network Association, Inc.; Alpine CA Behavioral Health HoldCo, LLC; CCS-CMGC Intermediate Holdings 2, Inc.; CCS-CMGC Intermediate Holdings, Inc.; CHC Companies, LLC; Conmed Healthcare Management, LLC; Correct Care Holdings, LLC; Correctional Healthcare Companies, LLC; Correctional Healthcare Holding Company, LLC; HCS Correctional Management, LLC; Healthcare Professionals, LLC; Jessamine Healthcare, LLC; Justice Served Health Holdings, LLC; Missouri JSH Holdco; Missouri JSH Manager, Inc.; Perimeter Hill RPA, LLC; Wellpath CFMG, Inc.; Wellpath Community Care Holdings, LLC; Wellpath Community Care Management, LLC; Wellpath Community Care Centers of Virginia, LLC; Wellpath Education, LLC; Wellpath Group Holdings, LLC; Wellpath Hospital Holding Company, LLC; Wellpath LLC; Wellpath Management, Inc.; Wellpath SF Holdco, LLC; WHC, LLC; WPMed, LLC; Zenova Management, LLC; and Zenova Telehealth, LLC.

2

employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor...")

5. On May 9, 2025 (the "<u>Effective Date</u>"), the Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Administrative Claims Bar Date* [ECF No. 2680, Case No. 24-90533] giving notice that the Plan was effective.

6. On June 4, 2025, the Bankruptcy Court entered the Stay Order for the purpose of providing guidance regarding the impact of the Chapter 11 cases, including the Plan's discharge and injunction, on stayed pre-petition actions against the Debtors and the entities against whom holders of Claims and Causes of Action could continue to pursue pursuant to the Plan.

7. Pursuant to Article IX.A. of the Plan and Paragraph 3 of the applicable Stay Order, all Claims and Causes of Action against Wellpath are discharged as a result of the Plan becoming effective. The Plan states in relevant part:

> the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties.

Plan, Article IX.A.

8. Pursuant to Article IX.F of the Plan, holders of Claims and Causes of Action that are discharged or released are permanently enjoined from among other things,

> (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Holder has Filed a motion requesting the right to perform

> such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan

Plan, Article IX.F.

9. Moreover, pursuant to Article IX.F. of the Plan, any holders of Claims or causes of action against Debtor or against Non-Debtor Defendants subject to the Third Party Release who did not affirmatively opt out of the Third-Party Release (the "Enjoined Parties") are permanently enjoined from taking any action, including the commencement, further prosecution of, or collection efforts, against the Debtors or Non-Debtor Defendants (the "Injunction"). However, as outlined in the Stay Order, holders of Claims or Interests that affirmatively elected to opt out of the Plan's Third-Party Release may bring or continue to pursue claims against the Non-Debtor Defendants, including employees of the Debtors or employees of the Post-Restructuring Debtors. *See* Stay Order, ¶ 5; Plan, Article IX.F. ("provided, that, for the avoidance of doubt, this Article IX.F shall not apply to parties that timely opt out of the Third-Party Release to preserve their claims against the Released Parties").

10. Any attempt by Enjoined Parties to proceed with their Claims or Causes of Action against the Debtors violates the Injunction and such Claims or Causes of Action must be dismissed against the Debtors pursuant to the Confirmation Order and Stay Order.

11. A Liquidating Trust has assumed the Debtors' liability for all General Unsecured Claims, including personal injury and wrongful death claims that arose before the petition date. Plan, Articles IV.N., VII; Confirmation Order at 2–3. The Liquidating Trust is funded solely by assets transferred to it under the Plan, and recoveries on such claims are limited to a pro-rata distribution from the Trust. Enjoined Parties may not seek payment for this

liability from the Debtors, the Post-Restructuring Debtors, or the property of either entity beyond this distribution. See Plan, Article IV.N.; Stay Order, ¶ 4. Holders of claims against Wellpath are subject to the Trust Distribution Procedures ("TDPs"), including the non-binding alternative dispute resolution process set forth therein to determine, if necessary, the allowed amount for their Claim. *Id*.

**WHEREFORE**, Defendant Wellpath respectfully requests that this Honorable Court enter an order dismissing all claims in this case asserted against Defendant Wellpath, LLC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

Segal McCambridge Singer & Mahoney

*/s/ Courtney C. McLaren*

Nelson T. Rainey (TN #35470)
Courtney C. McLaren (TN #29106)
6000 Poplar Ave., Suite 250
Memphis, TN 38119
T:       (901) 415-1135
nrainey@smsm.com
cmclaren@smsm.com

***Attorneys for Defendants, Wellpath, LLC; Oscar Webb, MD.; Paschal Ike, MD; Pamela Washington, DNP; Andrea Jones; Destiny Hadley; Genise Watson; Ruby Bright; Chrishala Yates; and Jessica Cleaves***

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing document was served, via electronic mail and the Court's ECF system, on this the 18th day of November 2025, upon the following:

Craig Edgington
Brice Timmons
Watson Burns, PLLC
5865 Ridgeway Center Parkway, Suite 300
Memphis, TN 38120
cedgington@watsonburns.com

*Attorney for Plaintiff*

R. H. "Chip" Chockley (#20680)
chip.chockley@shelbycountytn.gov
Julia Marie Hale (#37204)
julia.hale@shelbycountytn.gov
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN 38103
(901) 222-2100

*Attorneys for Defendant Shelby County*

*/s/ Courtney C. McLaren*